Bruce E. Wilson
544 Glenbriar Circle
Tracy, CA 95377
(408) 687-8066
bruceew2001@yahoo.com

Pro Se Plaintiff

**FILED**
DEC 27 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

Bruce E. Wilson,

    Plaintiff,

vs.

Bank of America Pension Plan for Legacy Companies; The Bank of America Pension Plan; Bank of America Corporation; and Fidelity Investments,

    Defendants.

Case Number: **C18-7755 TSH**

**COMPLAINT**

Plaintiff Bruce E. Wilson, representing himself, brings this Complaint as follows:

**Jurisdiction and Venue**

1. This action is based upon the Employee Retirement Income Security Act ("ERISA") and is brought under 29 U.S.C. section 1132(a)(1)(B), 29 U.S.C. section 1132(a)(3), 29 U.S.C. section 1132(e), and 29 U.S.C. section 1132(f). Jurisdiction is found on the existence of questions arising under ERISA.

2. Plaintiff has exhausted all appeals with Defendants.

3. Venue is proper in the Northern District of California, pursuant to 28 U.S.C. section 1391(b) and 29 U.S.C. section 1132(e).

TITLE OF DOCUMENT: Complaint; CASE NO.: _____

PAGE No. 1

## Parties

4. Plaintiff Bruce E. Wilson is a "participant" in the Bank of America Pension Plan for Legacy Companies (the "Plan" or "BAPP") as defined by 29 U.S.C. section 1002(7).

5. On information and belief, Plaintiff was also a participant in The Bank of America Pension Plan (together with the BAPP, the "Plans").

6. At all relevant times, Defendant Bank of America Corporation ("BAC") or its predecessors maintained the BAPP and/or the Plans, both of which are or were a "pension plan" as defined in 29 U.S.C. section 1002(2)(A).

7. At all relevant times, Defendant BAC or its predecessors was a "plan sponsor" or "administrator" of the BAPP and/or the Plans, as defined in 29 U.S.C. section 1002(16), or otherwise responsible for the Plans.

8. Defendant Fidelity Investments ("FI") was, at all relevant times, the "administrator" of the BAPP and/or the Plans, as defined in 29 U.S.C. section 1002(16), on behalf of Defendant BAC or its predecessors.

## Factual Allegations

9. Plaintiff was initially employed by Bank of America NT&SA and its successor, BAC, from May 30, 1972 through approximately September 1988. A second employment period was from September 1999 through August 2000. Both terminations were the result of reorganization and downsizing by BAC.

10. As such, Defendant BAC is a successor bank to Bank of America NT&SA.

11. Defendant BAPP is a successor plan by merger to the defined benefit pension plan sponsored by BAC.

12. Benefit Modeling Statement dated May 18, 2007 from BAPP indicates Plaintiff had 17.583 years of service, eligibility for lump sum payout of $124,961.89 and pension benefit of $687.82 per month under single life annuity option.

13. Pension Estimate dated September 16, 2015 from Website Net Benefits operated by FI on behalf of BAC indicates that Plaintiff had 17.58 years of service at the time of departure with eligibility for monthly single life annuity payouts of approximately $1,102.

TITLE OF DOCUMENT: Complaint; CASE NO.: _____

PAGE No. 2

14. Plaintiff received similar statements for many years and relied on them.

15. Plaintiff applied for benefits from the BAPP in March 2017.

16. Defendants claim that Plaintiff received benefits in a lump sum distribution by check in 1991, many years before he received the statements showing he was eligible for approximately $1,100 per month in his retirement. Plaintiff does not believe he ever received or cashed the disputed benefits check.

17. Plaintiff was informed by FI's representative, Andrew Wardwell, via telephone call on April 14, 2017 of the denial of benefits. Later, documents were mailed by FI to Plaintiff explaining the denial and steps for appeal, which is referenced in Plaintiff's letter of June 7, 2017 requesting appeal. That letter also requests a copy of the cancelled check for previous payment in 1991 and explanation of why no detection of the error was made for more than 17 years.

18. Defendant BAC acknowledged Plaintiff's June 7, 2017 letter in a letter of July 11, 2017 and promised reply within 60 days. Reply came August 29, 2017 and denied the claim again, stating previous payout in 1991.

19. On October 23, 2017 Plaintiff appealed the denial of benefits by Defendants and requested a detailed response to again include the cancelled check, the lump sum payout estimate and explanation for closing and transferring a small pension accrued during a second employment term to an FI IRA. BAC Benefits Appeals Committee acknowledged and responded to the October 23, 2017 letter on November 1, 2017, stating appeal review would occur within 60 days.

20. In December 2017 Plaintiff's home of 13 years in San Jose was sold and mail was no longer received there. On January 9, 2018 Plaintiff wrote BAC advising of not receiving a reply and providing a new address.

21. Defendant BAC sent a letter via UPS to Plaintiff's former address, dated December 28, 2017 (received on March 4, 2018), stating appeal was denied. The letter claimed that Plaintiff received a lump sum distribution by check in 1991 and also that a smaller (less than $5,000) second distribution had been forced out based on their practice since 2014. The letter did not include satisfactory or sufficient information/explanations requested in the June 7 and

TITLE OF DOCUMENT: Complaint; CASE NO.: _____

PAGE No. 3

October 23 letters. In particular, Defendants have never provided a cancelled check or claimed that records exist to show that Plaintiff actually cashed the 1991 check. The December 28, 2017 letter advised of court remedies that must be sought within one year.

### Claim for Relief

22.     29 U.S.C. section 1132(a)(1)(B) allows a participant "to recover benefits due to him under the terms of his plan, [and] to enforce his rights under the terms of the plan."

23.     Based on the paragraphs above, which are incorporated by reference, Defendants have improperly denied Plaintiff benefits due to him and Plaintiff seeks to enforce his rights to those benefits against Defendants.

24.     Based on the paragraphs above, which are incorporated by reference, Defendants' denial of Plaintiff's benefits is unclear and deficient.

25.     Based on the paragraphs above, which are incorporated by reference, Defendants did not fully or fairly review Plaintiff's claim for benefits.

Wherefore, Plaintiff requests that this Court award the following relief:

1.     Order Defendants to disburse past due benefits as well as currently accrued benefits to Plaintiff, including with respect to the lump sum distribution that Defendants claim Plaintiff received in 1991 and the smaller second distribution that was forced out in 2014;

2.     Order Defendants to pay interest and/or cash compensation to compensate for the delay in payment;

3.     Remand Plaintiff's claim to Defendants with instructions to make a proper review of a claim following the appropriate procedures;

4.     Order Defendants to pay reasonable attorney's fee and costs of action under 29 U.S.C. section 1132(g)(1); and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

     5.     Award such other and further relief that this Court deems appropriate.

Respectfully submitted,

*Bruce E. Wilson* (signature)

Bruce E. Wilson
Plaintiff
544 Glenbriar Circle
Tracy, CA 95377
(408) 687-8066
bruceew2001@yahoo.com

Pro Se Plaintiff

TITLE OF DOCUMENT: Complaint; CASE NO.: _____

PAGE No. 5